UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN CLUTCHETTE, | ) | 1:09-cv—02008-OWW-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS THE PETITION FOR FAILURE |
| v. | ) | TO STATE A CLAIM COGNIZABLE |
| | ) | PURSUANT TO 28 U.S.C. § 2254 |
| DERRAL G. ADAMS, Warden of | ) | (DOC. 1) |
| Corcoran State Prison, et al., | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| Respondents. | ) | DISMISS PETITIONER'S MOTION FOR |
| | ) | DISCOVERY AS MOOT (DOC. 4) |
| | ) | |

**OBJECTIONS DUE:**
**THIRTY (30) DAYS AFTER SERVICE**

Petitioner is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on October 30, 2009 (doc. 1).

I. Background

Petitioner alleges that California's Board of Parole Hearings (BPH) violated his right to due process of law guaranteed by the Fourteenth Amendment when on July 17, 2007, the BPH sitting en banc disapproved a hearing panel's earlier finding that Petitioner was suitable for parole. Petitioner alleges that

1

his state-created liberty interest in parole arising under Cal. Pen. Code § 3041 was infringed because the en banc board's finding that the hearing panel committed fundamental error (i.e., that Petitioner was unsuitable) was not supported by any evidence that rationally supported the findings that the board had to make to warrant a rescission of parole pursuant to Cal. Pen. Code § 3041(b) and Cal. Code Regs. tit. 15, §§ 2450, 2451(c). Petitioner likewise contends that the same defects were present in the decision of the California Supreme Court upholding the board's decision, and thus, those decisions were unreasonable applications of clearly established federal law.  (Pet. 5, 7-12.) Specifically, Petitioner contended that the board and the California courts reviewing the board's decision improperly relied on information from confidential informants within the prison.  He further argues that it was a denial of due process for the state courts to refuse to let Petitioner's attorney review the confidential information during the course of the state court proceedings.  (Pet. 11-12.)

   Respondent answered the petition on September 10, 2010, admitting that Petitioner has exhausted his state judicial remedies with respect to his claims that the 2007 decision violated his due process rights and that the Superior Court had erred in considering the confidential information under seal, and further admitting that the petition is timely under 28 U.S.C. § 2244(d)(1).  (Ans. [doc. 24], 3.)  Petitioner filed a traverse on October 29, 2010.

   The record before the Court reflects that Petitioner was present at the August 20, 2003, hearing when the hearing panel of

the BPH found Petitioner suitable for parole. (Pet. Ex. B [doc. 2-5], 1-2.) Petitioner represented himself because he lacked confidence in his counsel's work and did not want to delay the hearing. Petitioner responded to the panel's statements and questions, and he made a statement to the hearing panel. (Id. at 7-8, 12-52.) The panel concluded that Petitioner was suitable for parole and stated its reasoning; Petitioner was granted parole pending review and approval. (Id. 53-60.)

The BPH sat en banc on October 15, 2003, considered and disapproved the August 2003 proposed decision of the panel, and found rehearing necessary because the hearing panel did not consider confidential material in Petitioner's central file, Petitioner's mental health evaluations, and the prisoner's life prisoner evaluations. (Pet. Ex. C [doc. 2-6], 1.)[1]

After successfully challenging in state court the first disapproval by the en banc board, Petitioner was given a second en banc review on July 17, 2007. The full board again disapproved the decision in favor of parole that had been made by the panel at the hearing in 2003. In a written "MISCELLANEOUS DECISION," the full board explained that the decision to disapprove the grant of parole was based on errors of fact made by the hearing panel in not considering confidential information and minimizing the jury's decision, the gravity of the crime, and

---

[1] Under state law, the BPH has the authority to decide whether a life prisoner is suitable for parole; all decisions of a panel of the BPH are only proposed decisions which are subject to review by the full board upon referral by a member of the panel, and the full board determines by majority vote following a public hearing whether the panel made an error of law or fact, or if new information should be presented that has a substantial likelihood of resulting in a substantially different decision upon rehearing. Cal. Pen. Code §§ 3040, 3041; 15 Cal. Code Regs. §§ 2042-2044, 2253-64, 2268, 2281, 2402.

Petitioner's psychological status. (Pet. Ex. F [doc. 2-9], 1-6.) The errors rendered it substantially likely that a substantially different decision would be made upon rehearing. (Id. at 1.) The decision included in the record submitted by Petitioner in support of the petition appears to be stamped "INMATE COPY." (Id. at 1.)   After the California courts rejected Petitioner's petitions for writ relief, Petitioner filed the instant petition.

Further, Petitioner filed a motion for discovery on October 30, 2009. Respondent filed an opposition on October 13, 2010, and Petitioner filed a reply on October 27, 2010. In the motion, Petitioner seeks 1) copies of all materials in the confidential file on which California's BPH relied in 2007 in rescinding the earlier decision of the BPH panel that found Petitioner suitable for parole, and 2) one hundred (100) randomly selected transcripts of parole suitability hearings for life prisoners conducted in California in 2003.

II.   Legal Standards

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

4

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, – S.Ct. -, 2011 WL 197627, *2 (No. 10-133, Jan. 24, 2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[2] Swarthout v. Cooke, 2011 WL 197627, *2. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest

---

[2] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

5

because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2. The Court concluded that the petitioners had received the process that was due under the following circumstances:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Due Process Clause of the Fourteenth Amendment. Id. at *3.

III.  Analysis

Here, Petitioner challenges directly the decision of the BPH sitting en banc in which the board reviewed a panel decision. However, a review of Petitioner's allegations and arguments reflects that Petitioner's essential claim is that California's

6

1  "some evidence" standard was erroneously applied in his case.  It
2  is precisely this type of challenge to the application of
3  California's parole laws that Swarthout determined is not
4  cognizable on federal habeas corpus.  Swarthout, 2011 WL 197627,
5  *3.  Because California's "some evidence" requirement is not a
6  substantive federal requirement, Petitioner has not stated facts
7  that point to a real possibility of constitutional error or that
8  otherwise would entitle Petitioner to habeas relief.

9       Further, the record before the Court demonstrates that
10 Petitioner received a hearing, was present at the hearing, and
11 made statements to the board with respect to the suitability
12 decision.  Petitioner also received a statement of reasons for
13 the decision in question.  The record thus shows that Petitioner
14 received all the process he was due with respect to the
15 determination of his suitability.

16      Petitioner's claim concerning the use of confidential
17 information constitutes yet another form of challenge to the
18 adequacy of the information supporting the decision regarding
19 suitability and thus is not cognizable.

20      The petitioner in Swarthout argued that the greater
21 procedural protections afforded to the revocation of good-time
22 credits in prison should apply, and thus a court should determine
23 whether some evidence supported a decision declining to grant a
24 prisoner discretionary parole.  Swarthout, 2011 WL *3, n.*.
25 However, the Court reiterated that the question of what due
26 process requirements apply is a matter of federal law, and
27 rejected an effort to pronounce California's "some evidence" rule
28 to be a component of the liberty interest itself.  Id. at *3.

7

This Court further notes that even in the context of prison disciplinary proceedings, the use of confidential information does not offend procedural due process where the remainder of the proceedings includes written notice of the charges and a statement of the evidence relied on and the reasons for the disciplinary action. <u>Zimmerlee v. Keeney</u>, 831 F.2d 183 (9th Cir. 1987); <u>see</u> <u>also</u>, <u>Ponte v. Real</u>, 471 U.S. 491, 499-500 (1985) (appearing to approve in the first instance a prison official's <u>in</u> <u>camera</u> presentation to a court of a security-based justification for failing to permit an inmate to call witnesses at a disciplinary hearing).

To the extent that Petitioner's claim rests on state law, it is not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. <u>Wilson v. Corcoran</u>, 562 U.S. — , 131 S.Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. <u>Souch v. Schiavo</u>, 289 F.3d 616, 623 (9th Cir. 2002).

Accordingly, Petitioner's claim or claims concerning the adequacy of the evidence to support the BPH's decision and the propriety of the BPH's consideration of confidential information do not state a violation of due process of law or other basis for habeas relief.

The Court notes that Petitioner does not allege that the procedures used for determination of his suitability for parole were deficient because of the absence of an opportunity to be heard or a statement of reasons for the ultimate decision

reached.  Further, Petitioner does not contradict the factual recitations and assertions that appear in the transcript of the parole proceedings and other documentation attached to the petition, which reflect that although Petitioner voluntarily declined to have the representation of counsel, he attended the hearing, made statements to the board, and received a statement of reasons for the decision.

It therefore appears from the face of the petition and the attached, uncontradicted documentation, that the recommendation of parole was not rejected without the requisite due process of law.  The Court further concludes that no tenable claim for relief could be pleaded were Petitioner granted leave to amend the petition.  See, Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Accordingly, it will be recommended that the petition be dismissed without leave to amend for the failure to allege facts that point to a real possibility of constitutional error or that would otherwise entitle Petitioner to habeas relief.

Further, in light of the absence of a cognizable claim, Petitioner's motion for discovery should be dismissed as moot.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial

of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

　　A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

　　Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court should decline to issue a certificate of appealability.

///

V. <u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend because Petitioner has failed to state a claim cognizable on habeas corpus; and

2) The pending motion for discovery be DISMISSED as moot; and

3) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action because this order terminates the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d

///

///

11

1  1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:   February 7, 2011**                    /s/ **Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE